(Reap. Dec. 8199)

ARMOUR AND COMPANY *v.* UNITED STATES

Entry No. 370.

(Decided January 29, 1953)

*Eugene R. Pickrell (Michael Stramiello, Jr.,* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General *(John J. Antus,* special attorney), for the defendant.

EKWALL, Judge: This is an appeal for reappraisement of canned roast beef, packed in 12-ounce tins, 24 tins to the case, exported from Argentina on or about March 3, 1942, and imported at the port of New Orleans on or about April 1, 1942.

The appeal was submitted upon a stipulation which provided, among other things, that the record and exhibits in the case of *United States* v. *Swift & Company,* 27 Cust. Ct. 407, Reap. Dec. 8028, be incorporated herein. It was further stipulated as follows:

3. That said canned roast beef was entered at the export value of $.166666 per pound ($.125 per tin), plus freight, less freight and less other nondutiable charges.

4. That said canned roast beef was appraised by the appraiser at the Port of New Orleans at the foreign value of 8.23 Argentine pesos per dozen tins, net packed, said pesos to be converted at the undesignated rate of exchange.

5. That the price at which merchandise, such or similar to the canned roast beef herein, was freely offered to all purchasers for export to the United States on and prior to the date of exportation of the merchandise herein in the principal markets of Argentina, in usual wholesale quantities, and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, was $1.70 per dozen tins, U. S. Currency, less nondutiable charges of 0.0554 Argentine pesos per dozen tins at the undesignated rate of exchange.

6. That if the Court should hold that merchandise such or similar to the canned roast beef, the subject of this appeal for reappraisement, was freely offered to all purchasers in the principal markets of Argentine [*sic*], in the ordinary course of trade, in usual wholesale quantities, for home consumption in Argentina on or about March 3, 1942, then such price would be Argentine peso 8.23 per dozen tins, net packed, which converted at the applicable undesignated rate of exchange of one Argentine peso equals United States dollars 0.237044 is United States dollars 1.95087 per dozen tins, net packed.

7. That the sole issue in this case is whether or not such or similar merchandise to the merchandise the subject of this appeal for reappraisement, was freely offered to all purchasers in the usual wholesale quantities and in the ordinary course of trade for home consumption in Argentina on or about March 3, 1942, the date of the exportation of the canned roast beef, 12 ounce tins, the subject of this appeal for reappraisement.

The facts and issues in the instant case are essentially the same as those involved in *Judson-Sheldon Corporation* and *Armour and*

*Company* v. *United States*, reappraisement No. 180077–A, decided concurrently herewith. Upon the record presented, and for the reasons stated in that decision, I hold that the plaintiff has established *prima facie* that no foreign value existed for such or similar canned roast beef at the time of exportation of the within merchandise. Under the stipulation entered into between the parties, an agreed export value is set forth. In the absence of a foreign value, said export value is the proper dutiable value of the merchandise at bar.

Accordingly, I find as facts:

1. That the merchandise involved herein consists of canned roast beef, packed in 12-ounce tins, 24 tins to the case, exported from Argentina on or about March 3, 1942, and imported on or about April 1, 1942.

2. That said canned roast beef was entered at the export value of $0.166666 per pound ($0.125 per tin), plus freight, less freight and less other nondutiable charges.

3. That said canned roast beef was appraised by the appraiser at the port of New Orleans at the foreign value of 8.23 Argentine pesos per dozen tins, net packed, said pesos to be converted at the undesignated rate of exchange.

4. That the price at which merchandise, such as or similar to the canned roast beef herein, was freely offered to all purchasers for export to the United States on and prior to the date of exportation of the merchandise herein in the principal markets of Argentina, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, was $1.70 per dozen tins, United States currency, less nondutiable charges of 0.0554 Argentine pesos per dozen tins, at the undesignated rate of exchange.

5. That canned roast beef such as or similar to that involved herein was not freely offered to all purchasers in the principal markets of Argentina, in the ordinary course of trade, in the usual wholesale quantities, for home consumption in Argentina on or about March 3, 1942.

I conclude as a matter of law:

1. That there was no foreign value for the canned roast beef involved herein, as that term is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

2. That export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determining the value of the merchandise involved herein and that said value is $1.70 per dozen tins, United States currency, less nondutiable charges of 0.0554 Argentine pesos per dozen tins, at the undesignated rate of exchange.

Judgment will be rendered accordingly.